UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

**BUILDING TRADES UNITED PENSION TRUST FUND**
**and SCOTT REDMAN (in his capacity as Trustee),**

**WISCONSIN MASONS HEALTH CARE FUND,**
**WISCONSIN MASONS APPRENTICESHIP AND**
**TRAINING FUND, WISCONSIN MASONS LMCT FUND**
**and GARY BURNS (in his capacity as Trustee),**

**BRICKLAYERS & TROWEL TRADES INTERNATIONAL**
**PENSION FUND, INTERNATIONAL MASONRY**
**INSTITUTE, IPF/PPA FUNDING IMPROVEMENT PLAN,**

**BRICKLAYERS AND ALLIED CRAFTWORKERS**
**DISTRICT COUNCIL OF WISCONSIN,**

        Plaintiffs,

  v.                                         Case No.   16-cv-42

**M BERNAL CONSTRUCTION LLC and**
**MICHAEL BERNAL, SR.,**

        **Defendants.**
_____

### COMPLAINT
_____

**NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by John J. Brennan, and as and for a cause of action against the Defendant, allege and show to the Court the following:

### Jurisdiction and Venue

1.    Jurisdiction of this Court upon Defendant M Bernal Construction LLC and Michael Bernal, sr. is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), and Section 301(a) of the Labor

Management Relations Act of 1947 (hereinafter "LMRA"), as amended (29 U.S.C. § 185(a)), in that the Plaintiffs are aggrieved by the Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, Section 301 of the LMRA, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that some of the Plaintiff Funds are administered in Dane County, Wisconsin.

## Parties

3. Plaintiff Building Trades United Pension Trust Fund is an employee benefit plan within the meaning of sections 3(2), (3), and (37), 502 and 515 of ERISA, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(2), (3), and (37), 1132 and 1145), and brings this action on behalf of the Trustees, participants, and beneficiaries of said Plan. Said Plan maintains offices at 500 Elm Grove Road, Elm Grove, WI 53122.

4. Plaintiff Scott Redman is a Trustee and a fiduciary of the Building Trades United Pension Trust Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Scott Redman maintains an office at 11175 West Parkland Avenue, Milwaukee, WI 53224.

5. Plaintiffs Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship & Training Fund, and Wisconsin Masons LMCT Fund are employee

benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 2901 Beltline Highway, Madison, Wisconsin 53713.

6. Plaintiff Gary Burns is a trustee and a fiduciary of the Wisconsin Masons Health Care Fund, as well as a participant and beneficiary within the meaning of ERISA and as such has standing to be a Plaintiff in this action and to seek the remedies prayed for. Gary Burns maintains an office at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

7. Plaintiffs Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute ("IMI"), and the IPF/PPA Funding Improvement Plan are employee benefit plans within the meaning of ERISA §§ 3(2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§1002(2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of said Plans. Said Plans maintain offices at 620 F Street NW, Washington, D.C. 20004.

8. Plaintiff Bricklayers and Allied Craftworkers District Council of Wisconsin is a labor organization ("Union") within the meaning of 29 U.S.C. § 158, et seq., and brings this action on behalf of the participants and members of the organization for whom it collects working dues. Said labor organization maintains offices at 17125 West Cleveland Avenue, New Berlin, Wisconsin 53151.

9. Defendant M Bernal Construction LLC is a domestic limited liability corporation, engaged in business, with principal offices located at N29 W27431 Peninsula Drive, Pewaukee, Wisconsin 53072.

10. Upon information and belief, Defendant Michael Bernal, Sr. is an adult resident of the State of Wisconsin, with a residence located at N29 W27431 Peninsula Drive, Pewaukee, Wisconsin 53072.

**Facts**

11. M Bernal Construction is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12), and (14) (29 U.S.C. §§ 1002(5), (11), (12), and (14)) and the LMRA (29 U.S.C. §151, et seq.).

12. For all times relevant, M Bernal Construction was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between itself and the Union.

13. The Union represents, for purposes of collective bargaining, certain M Bernal Construction employees and employees of other employers in industries affecting interstate commerce within the meaning of LMRA §§ 2(5), 9(a), and 301(a) (29 U.S.C. §151, et seq.).

14. The Labor Agreements described herein contain provisions whereby M Bernal Construction agreed to make timely payments to the Plaintiffs' trust funds for each employee covered by said Labor Agreements.

15. By execution of said Labor Agreements, M Bernal Construction adopted the trust agreements and amendments thereof which establish and govern the Plaintiffs and are necessary for their administration, and designated as its representatives on the

board of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

16. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, M Bernal Construction has agreed as follows:

    a. to file monthly reports and make timely and prompt contributions to the Plaintiffs for each employee covered by the aforementioned Labor Agreements;

    b. to deduct from each employee who has so authorized, working dues and to timely pay said amounts to the Union;

    c. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

    d. to adopt and abide by all of the rules and regulations adopted by the trustees of the Plaintiffs pursuant to the trust agreements;

    e. to adopt and abide by all of the actions of the trustees in administering the Plaintiffs in accordance with the trust agreements and the rules so adopted;

    f. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

      g.    to pay, in addition to delinquent contributions, interest, and liquidated damages, actual attorney fees, audit fees, court costs, and service fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages.

17.    M Bernal Construction has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

      a.    failing to make continuing and prompt payments to the Plaintiffs as required by the Labor Agreements and trust agreements for all of M Bernal Construction's covered employees; and

      b.    failing to accurately report employee work status to the Plaintiffs.

18.    ERISA § 502(g)(2), as amended by the MPPAA provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

  19. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

  20. Despite demands that M Bernal Construction perform its statutory and contractual obligations, the Plaintiffs have ascertained that said Defendant has failed, neglected, omitted, and refused to make those payments. M Bernal Construction is now indebted to the Plaintiffs as follows:

**Audit Period:  January 1, 2015 through June 30, 2015:**

| | |
|---|---|
| Building Trades United Pension Trust Fund | $ 8,927.91 |

**Audit Period:  January 1, 2015 through August 31, 2015:**

| | |
|---|---|
| Wisconsin Masons Health Care Fund | $20,343.35 |
| Wisconsin Masons Apprenticeship and Training Fund | 147.93 |
| Wisconsin Masons LMCT Fund | 59.17 |
| Bricklayers and Allied Craftworkers District Council of Wisconsin | 5,426.78 |
| Bricklayers and Trowel Trades International Pension Fund | 3,697.34 |
| International Masons Institute | 1,293.65 |
| IPF/PPA Funding Improvement Plan | 1,065.78 |

  21. Upon information and belief, Michael Bernal, Sr. is M Bernal Construction's sole principal and owner.

  22. Upon information and belief, M Bernal Construction deducted working dues contributions from its employees' paychecks, but failed to submit same to the Union.

23. Upon information and belief, Michael Bernal, Sr. is the only individual with authority to decide whether M Bernal Construction submits union dues contributions to the Union.

### Claim One - Against Defendant M Bernal Construction LLC
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

24. As and for a first claim for relief against M Bernal Construction, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 23 above and incorporate the same as though fully set forth herein word for word.

25. For purposes of this claim (Claim One), the Building Trades United Pension Trust Fund, Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship and Training Fund, Wisconsin Masons LMCT Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute, and IPF/PPA Funding Improvement Plan, are hereinafter referred to as the "Funds."

26. Due demand has been made by the Funds upon M Bernal Construction for payment of all sums due and owing, but said Defendant has refused to pay them, or any part thereof, with the exception of a partial payment to the Building Trades United Pension Fund of $3,808.80, and all amounts pled remain due and owing.

27. Because, as the Funds are informed and believe, M Bernal Construction has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and the Funds' employee benefit plans have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

28.     Because M Bernal Construction has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify.  These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, the Funds demand the following relief:

1. Judgment on behalf of the Funds and against M Bernal Construction:

    A. For $8,927.91, representing contributions, interest, and liquidated damages owed the Building Trades United Pension Trust Fund for the audit period January 1, 2015 through June 30, 2015;

    B. For $26,597.22, representing contributions, interest, and liquidated damages owed the Wisconsin Masons Health Care Fund, Wisconsin Masons Apprenticeship and Training Fund, Wisconsin Masons LMCT Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute, and IPF/PPA Funding Improvement Plan for the audit period January 1, 2015 through August 31, 2015;

    C. For unpaid contributions, interest, and liquidated damages owed to the Building Trades United Pension Trust Fund for the period July 1, 2015 through the present;

    D. For unpaid contributions, interest, and liquidated damages owed to the Wisconsin Masons Health Care Fund, Wisconsin Masons

        Apprenticeship and Training Fund, Wisconsin Masons LMCT Fund, Bricklayers & Trowel Trades International Pension Fund, International Masonry Institute, and IPF/PPA Funding Improvement Plan for the period September 1, 2015 through the present;

E.    For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

F.    Actual attorney fees and the costs of this action.

2.    For such other, further, or different relief as the Court deems just and proper.

### Claim Two - Against Defendant M Bernal Construction LLC
### Violation of LMRA § 301 (29 U.S.C. § 185)

29.    As and for a second claim for relief against M Bernal Construction, the Plaintiffs reallege each and every allegation contained in paragraphs 1 through 28 above and incorporate the same as though fully set forth herein word for word.

30.    Due demand has been made upon M Bernal Construction for payment of all working dues outstanding, but said Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

31.    Because, as the Union is informed and believes, M Bernal Construction has not paid timely and prompt working dues on behalf of the Union members, the Union's income is reduced, and their participants and members may be forced to pay working dues out of pocket; even though said amounts may have already been deducted from their paychecks by the Defendant. Consequently, the LMRA has been violated, and the Union is entitled to all of the remedies provided by the LMRA.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against M Bernal Construction:

    A. For $5,426.78, representing unpaid working dues owed to the Bricklayers and Allied Craftworkers District Council of Wisconsin the audit period January 1, 2015 through August 31, 2015;

    B. For unpaid working dues owed to the Union for the period September 1, 2015 through the date this action was commenced;

    C. For unpaid working dues owed to the Union becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney fees and the costs of this action.

2. For such other, further, or different relief as the court deems just and proper.

### Claim Three – Bricklayers and Allied Craftworkers District Council of Wisconsin Against Michael Bernal, Sr., Personally
### Civil Theft, §§ 895.446 and 943.20, Wis. Stats.

32. As and for a claim for relief against Defendant Michael Bernal, Sr., the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 31 above and incorporate the same as though fully set forth herein word for word.

33. By his intentional conduct, by virtue of his position as the sole officer and shareholder of M Bernal Construction, Michael Bernal, Sr. has retained possession of working dues without the Union's consent.

34. Michael Bernal, Sr. has intentionally retained working dues with the intent to convert said monies for his own use or for the use of M Bernal Construction.

35. By virtue of his conduct, Michael Bernal, Sr. has violated Wis. Stats. §§ 895.446 and 943.20.

**WHEREFORE**, on the basis of Claim Three, the Union demands the following relief:

1. Judgment on behalf of the Union and against Michael Bernal, Sr.:

    A. For $5,426.78, representing the amounts deducted from M Bernal Construction's' employees' paychecks which should have been paid to the Union for working dues for the audit period January 1, 2015 through August 31, 2015;

    B. For any amounts deducted from M Bernal Construction's employees' paychecks which have not been paid to the Union for working dues for the period September 1, 2015 to the commencement of this action;

    C. For any amounts deducted from M Bernal Construction's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment; and

    D. Actual attorney's fees and the costs of this action.

2. For such other, further or different relief as this Court deems just and proper.

**Claim Four – Bricklayers and Allied Craftworkers District Council of Wisconsin
Against Defendant Michael Bernal, Sr., Personally
Common Law Conversion**

36. As an alternative to Claim Three, the Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 above and incorporate the same as though fully set forth herein word for word.

37. Michael Bernal, Sr. did not have authority, legal or otherwise, from the Union to deduct monies from M Bernal Construction's employees' paychecks without turning said monies over to the Union or to use said monies for any purpose other than to pay M Bernal Construction's employees' working dues.

38. By virtue of Michael Bernal, Sr.'s intentional conduct, the Union has not received working dues for its members and participants, even though said monies have been deducted from the members' and participants' paychecks.

39. Through his intentional conduct of deducting working dues from M Bernal Construction's employees' paychecks and failing to forward those dues to the Union, Michael Bernal, Sr. took property belonging to the Union and has interfered with said Union's lawful rights to possess the working dues.

**WHEREFORE**, the Union demands the following relief:

1. Judgment on behalf of the Union and against Michael Bernal, Sr.:

    A. For $5,426.78, representing the amounts deducted from M Bernal Construction's' employees' paychecks which should have been paid to the Union for working dues for the audit period January 1, 2015 through August 31, 2015;

      B.     For any amounts deducted from M Bernal Construction's employees' paychecks which have not been paid to the Union for working dues for the period September 1, 2015 to the commencement of this action;

      C.     For any amounts deducted from M Bernal Construction's employees' paychecks which have not been paid to the Union for working dues arising after the commencement of this lawsuit through the date of judgment; and

      D.     Actual attorney's fees and the costs of this action.

2.     For such other, further or different relief as the court deems just and proper.

Dated this 18th day of January, 2015.

                    s/John J. Brennan
                    John J. Brennan (SBN 1018604)
                    **The Previant Law Firm, S.C.**
                    1555 North RiverCenter Drive, #202
                    P. O. Box 12993
                    Milwaukee, WI   53212
                    414-271-4500 (Telephone)
                    414-271-6308 (Fax)
                    Email: jjb@previant.com

                    Attorney for Plaintiffs